IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MAYNOR JOSE MONGES CRUZ,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, *et al.*,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)   1:26-cv-00082 (AJT/WBP)<br>)<br>)<br>) |

## ORDER

Before the Court is Maynor Jose Monges Cruz's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"), filed on January 12, 2026. [Doc. No. 1]. By order dated January 13, 2026, the Court ordered the Government to respond to the Petition within six days, [Doc. No. 2], and Respondents submitted on January 19, 2026 that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Hernandez v. Crawford,* No. 1:25-CV-01565-AJT-WBP, 2025 WL 2940702 (E.D. Va. Oct. 16, 2025), or the other opinions of this Court cited therein.[1] [Doc. No. 4].

Petitioner is a 34 year-old native and citizen of Nicaragua, who entered the United States without inspection in October 2018 and ultimately settled in Charlottesville, Virginia where he works in construction. [Doc. No. 1] ¶¶ 24-25. Petitioner has a criminal record consisting of one Capias and three misdemeanor convictions, as well as several other charges (including one felony) which were dismissed or ended *nolle prosequi*.[2] [Doc. No. 1-2]. However, Petitioner contends that

---

[1] As described below, Respondents noted that the Immigration Court has yet to determine whether Petitioner's criminal history triggers mandatory detention pursuant to 8 U.S.C. § 1226(c), but did not assert that this was a material difference between this case and Hernandez, nor that the Petition should be denied on this basis. [Doc. No. 4] at 2.

[2] Specifically, Petitioner's Criminal Record is as follows (Petitioner presented evidence that no immigration consequences were imposed as a result of any of the following):
    April 2022: Strangulation or Suffocation of Another (felony; VA Code § 18.2-51.6) - Nolle Prosequi

his criminal record does not subject him to mandatory detention pursuant to 8 U.S.C. § 1226(c) [Doc. No. 1] ¶ 25, and Respondents do not facially dispute this. [Doc. No. 4] at 2.

Petitioner alleges that on January 7, 2026, while appearing at the Greene County General District Court to address a traffic violation, he was detained by immigration officials outside of the Courthouse and eventually taken to the Caroline Detention Facility where he remains. *Id*. ¶ 26. He further alleges that he has not been provided with a bond hearing. *Id*. ¶ 59.

The Court notes that Petitioner's criminal history is cause for some concern that he would be a flight risk and/or a danger to the community, and–depending on what further evidence of his alleged or adjudicated criminal conduct is introduced at his bond hearing–may fall within the scope of 8 U.S.C. § 1226(c)(1)(E). That statutory provision (in relevant part) mandates the detention of certain inadmissible aliens who "[are] charged with, [are] arrested for, [are] convicted of, admit[] having committed, or admit[] committing … any crime that results in death or serious bodily injury to another person." However, based on the record as it currently stands, and given Respondent's concession that 8 U.S.C. § 1226(c)(1)(E)'s applicability depends on the Immigration Judge's findings (see note 1, *supra*), the Court cannot find as a matter of law that Petitioner is subject to mandatory detention under that statutory provision. Furthermore, the determinations of whether Petitioner is a flight risk or danger to the community are matters for the Immigration Judge to consider at Petitioner's bond hearing, per 8 U.S.C. § 1226(a).

---

April 2022: Assault and Battery of a Family Matter (misdemeanor) – Convicted
November 2022: Assault and Battery of a Family Matter (misdemeanor) – Nolle Prosequi
March 2023: Refused Blood/Breath Test (civil violation) - Nolle Prosequi
March 2023: Driving Without a License (misdemeanor) - Nolle Prosequi
March 2023: Driving While Intoxicated (misdemeanor) – Convicted
March 2023: Failure to Appear (Capias) – Convicted
July 2024: VASAP Noncompliance (Capias) – Dismissed
October 2025: Driving under revoked/suspended license (misdemeanor) - Convicted

In light of the foregoing, and it appearing to the Court that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Hernandez* or the other opinions of this Court cited therein, the Court incorporates the filings in *Hernandez* into the record of this habeas action. For the reasons stated in *Hernandez*, the Petition is **GRANTED**, and it is hereby

**ORDERED** that Respondents provide Petitioner with a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days of the date of this Order; and it is further

**ORDERED** that if Petitioner is granted bond by an Immigration Judge, Respondents are **ENJOINED** from denying bond to Petitioner, or from invoking the automatic stay provision pursuant to 8 C.F.R. § 1003.19(i)(2); and it is further

**ORDERED** that Respondents file a status report with this Court within three days of the bond hearing, stating whether Petitioner has been granted bond and, if his request for bond was denied, the reasons for that denial.

The Clerk is directed to send copies of this Order to all counsel of record, and to terminate the case.

Alexandria, Virginia
January 21, 2026

Anthony J. Trenga
Senior United States District Judge

3